**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

FEB - 2 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| KEDIST GIRMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. **12 0181** |
| | ) |
| UNITED STATES HOMELAND SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(1)(B). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id*. at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff alleges that "individuals from the State Department have taken retaliation method against [her] by utilizing the [P]atriot [A]ct to violate both [her] human and civil rights

1



for the past seven years." Compl. at 1. Allegedly the defendant is responsible for "having [her] medical record switched with that of [her] deceased brother," *id.*, "stalk[ing her] on private airplanes and helicopters," and "getting funds to disappear from [her] bank account." *Id.* at 2. In addition, the defendant allegedly "has made numerous attempts to make [her] gain a criminal record and ha[s] arranged [for] a [S]ecret [S]ervice officer to allegally arrest and detain [her]." *Id.* Plaintiff alleges additional violations of her human and civil rights, but demands no particular relief.

The court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed plaintiff's complaint, the court concludes that its factual contentions are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

An Order consistent with this Memorandum Opinion is issued separately.

DATE: |⁻3\⁻}⁻

_____
United States District Judge
J. Bowlery

2